1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MASON BROWN,

Plaintiff,

v.

DOLLAR TREE STORES, INC.,

Defendant.

Case No.: 20cv1601-BEN-MDD

**SECOND AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**

**[ECF No. 17]**

On February 18, 2021, the parties jointly moved the Court to continue all deadlines in the scheduling order by sixty days.  (ECF No. 17).  The parties explain that they have been diligent, but despite their diligence they will be unable to comply with the remaining discovery deadlines due to scheduling difficulties.  (*Id.*).  Upon due consideration, and good cause appearing, the Court **GRANTS** the parties' joint motion as follows:

1.      All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **May 24, 2021**.  Any contradictory or rebuttal disclosures within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed on or before **June 23, 2021**. Unless otherwise stipulated by the parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B).  If a written report is not required, the

1

disclosure must provide the information required under Rule 26(a)(2)(C).

2.     All discovery, including expert discovery, shall be completed by all parties by **July 30, 2021**.  Completed means that interrogatories, requests for production, and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that responses thereto will be due on or before the cutoff date.  All subpoenas issued for discovery must be returnable on or before the discovery cutoff date.  <u>All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the dispute occurred.  The parties are required to meet and confer regarding all discovery disputes pursuant to the requirements of Local Rule 26.1(a).  The parties are to comply with the chambers rules of the Magistrate Judge in bringing discovery before the court.</u>

3.     All other pretrial motions must be filed by **August 23, 2021**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Deadlines for filing motions in limine will be set by the district judge at the final Pretrial Conference.

4.     When filing a Motion for Summary Judgment and/or Adjudication, the parties need not file a separate statement of material facts absent prior leave of court.

5.     A Mandatory Settlement Conference shall be conducted on **July 28, 2021** at **9:30 a.m.** in the chambers of **Magistrate Judge Mitchell D. Dembin**.  Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **July 21, 2021**.  All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

6.     For bench trials before the Honorable Roger T. Benitez, counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1(f)(2) by **December 27, 2021**.  In jury trial cases before the

Honorable Roger T. Benitez, neither party, unless otherwise ordered by the Court, is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f)(2).

7.     Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **December 27, 2021**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

8.     Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by **January 3, 2022**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

9.     Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **January 10, 2022**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

10.     The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **January 18, 2022**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

11.     The final Pretrial Conference is scheduled on the calendar of the **Honorable Roger T. Benitez** on **January 24, 2022** at **10:30 a.m.**.

12.     The parties must review the chambers' rules for the assigned district judge

and magistrate judge.

13.   A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

14.   The dates and times set forth herein will not be modified except for good cause shown.

15.   Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

16.   Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:   February 18, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge